UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 12-141** |
| **MYRON SAUNDERS, et. al.** | **SECTION: "G"(3)** |

### ORDER AND REASONS

Before the Court is the United States of America's ("Government") Motion in Limine for Permission to Present Summary Evidence Pursuant to Federal Rule of Evidence 1006,[1] wherein it requests permission to introduce into evidence a PowerPoint summary of the cellular telephone records of AT&T and Sprint phone calls made to and from three phone numbers as evidence at trial. Having considered the motion, the opposition, the reply, the oral arguments made at a hearing on April 19, 2013, and the applicable law, and finding that the PowerPoint contains more than that of cellular telephone records of AT&T and Sprint, and therefore does not accurately reflect those records as required by Federal Rule of Evidence 1006, the Court will deny the motion.

### I. Background[2]

On March 23, 2012, the Government filed a 6-Count Indictment[3] charging defendants, Lamar Nero ("Nero") and Myron Saunders ("Saunders"), with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; armed bank robbery on June 24, 2011 in violation of 18 U.S.C. §§ 2113(a) and (d)

---

[1] Rec. Doc. 70.

[2] The factual background of this case was detailed in this Court's Order and Reasons issued on June 12, 2013 and will not be restated here. Rec. Doc. 99.

[3] Rec. Doc. 8.

1

and (2); use of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and three counts of attempted bank robbery on November 5, 2011, December 10, 2011, and December 24, 2011, in violation if Title 18 U.S.C. §§ 2113(a) and (2).

On February 22, 2013, the Government filed a Motion In Limine for Permission to Present Summary Evidence Pursuant to Fed. R. Evid. 1006.[4] The Government's motion seeks permission to admit into evidence–after satisfying all of the foundational evidentiary requirements pursuant to Federal Rules of Evidence 803(6), 902(11) and 1006–a PowerPoint presentation the Government has compiled, which claims to present the AT&T and Sprint cellular phone records and geolocation plotting of phone calls made to and from three phone numbers.[5] Saunders opposed the motion on April 4, 2013,[6] and the Government filed a reply on April 11, 2013, with leave of Court.[7] On April 19, 2013, the Court heard oral argument on multiple pending motions in this matter, including the instant motion.[8]

## II. Parties' Arguments

The Government wishes to admit, as summary evidence pursuant to Federal Rule of Evidence 1006, a PowerPoint summary of the cellular telephone records of AT&T and Sprint (hereinafter, the "PowerPoint"). The Government argues that this case warrants the use of summary evidence because of the burden and impracticality that would be imposed on the Court and the jury in examining the extremely voluminous cellular telephone records in this case.[9] The Government contends that the

---

[4] Rec. Doc. 70.

[5] *See* Rec. Doc. 89-1.

[6] Rec. Doc. 89.

[7] Rec. Doc. 90.

[8] Transcript of Oral Argument (hereinafter "Transcript"), Rec. Doc. 93.

[9] Rec. Doc. 70 at p. 3 (citing *United States v. Duncan*, 919 F.2d 981, 988 (5th 1991); *United States v. Winn*, 948 F.2d 145; 157 (5th Cir. 1991)).

2

PowerPoint should be admitted because the following foundational requirements regarding the admissibility of the supporting documents have been met:

> (1) that the electronic databases from AT&T and Sprint from which the summaries are derived are independently admissible as evidence because they are business records that fall within the hearsay exception of Fed. R. Evid. 803(6), and are self-authenticating under the new amendment, Fed R. Evid. 902(11), permitting self-authentication of business records; (2) that the electronic databases contain records too voluminous and complex to permit convenient, in-court examination by a judge and jury; (3) that notice of the government's intent to use Fed. R. Evid. 1006 summaries was provided the defendants and the underlying material made available to the defendants within a reasonable time before trial; and (4) that the author of the summaries certifies the accuracy of the summaries relative to the underlying database records upon which they are based.[10]

Applying the factors set forth in *United States v. Goodwin*[11] (hereinafter, the "*Goodwin* factors"), the Government argues that the PowerPoint should be admitted into evidence under Rule 1006, because the AT&T and Sprint records are self-authenticating business records that are independently admissible under Federal Rules of Evidence 803(6) and 902(11). In addition, the Government states that the cellular records used to construct the PowerPoint are available to the defendants for comparison, and the person who prepared the PowerPoint will be available for cross-examination. Finally, the Government notes that the jury can be instructed on the proper consideration of summary evidence to eliminate any prejudice.[12]

In opposition to admission of the PowerPoint as evidence, Defendant contends that the PowerPoint goes "well beyond a mere compilation" of telephone data, and is "essentially the Government's theory of the case."[13] Defendant argues that rather than summarizing the electronic

---

[10] *Id.* at p. 2.

[11] 470 F.2d 893, 899 (5th Cir. 1972).

[12] Rec. Doc. 70 at pp. 3-4.

[13] Rec. Doc. 89 at pp. 1, 3.

records, the PowerPoint includes the defendants' addresses, the location of the banks at issue, distances, routes, and elapsed times, which are "nowhere to be found in the telephone 'electronic records.'"[14]

Additionally, Defendant contends that the chart identifies the defendants as the users and/or owners of telephone numbers that are not subscribed under their respective names.[15] Defendant asserts that because charts can have a powerful impression upon a jury, courts "must carefully handle their preparation and use," and they can only be used if the underlying evidence summarized is admissible.[16] Here, Defendant argues that the Court should refuse to admit the PowerPoint as evidence because, by essentially summarizing the Government' theory of the case, the PowerPoint "assume[s] that which [the Government] was required to prove beyond a reasonable doubt as operative facts of the alleged offense"–an outcome the United States Court of Appeals for the Fifth Circuit found to be reversible error in *United States v. Hart*.[17] Finally, Defendant notes that the "geolocation plotting" data has not been provided and no explanation or basis for the alleged geolocations are set forth in the PowerPoint, and therefore, it cannot be admitted into evidence because the *Goodwin* factors have not been satisfied.[18]

In its reply and in oral argument, the Government rests on the assertion that summary charts should be admitted into evidence when the *Goodwin* factors are satisfied, and thus, argues that Defendant's opposition is inappropriate and premature at this time because three of the four *Goodwin*

---

[14] *Id.* at pp. 1-2.

[15] *Id.* at p. 2.

[16] *Id.* (citing *United States v. Hart*, 295 F.3d 451, 455 (5th Cir. 2002); *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1160 (11th Cir. 2004)).

[17] 295 F.3d at 459.

[18] Rec. Doc. 89 at pp. 2-3.

4

factors will be established at trial.[19]  Specifically, the Government explains that it will present competent evidence at trial of the defendants' addresses, bank locations, distances, and elapsed times of telephone calls.[20]  The Government further states that it intends to present the testimony of the preparer of the summary chart, FBI Special Agent William C. Williams, Jr., who will be available for cross-examination, and the final *Goodwin* factor will be satisfied by a proper jury instruction, which the Government has requested, concerning the jury's consideration of the PowerPoint.[21]

Regarding the requirement that the primary evidence be available to the opposing party, the Government notes that it provided the primary evidence used to construct the PowerPoint to Saunders, and it is the defendant's job to make any comparisons necessary to verify the correctness of the PowerPoint.  The Government explains that, contrary to Saunders' assertions that the Government has not produced the "geolocation plotting," the electronic telephone records provide elapsed call times as well as latitude and longitude coordinates of cell phone towers, from which the geolocation plotting was derived.[22]  Finally, concerning the distances between relevant locations noted in the PowerPoint, the Government submits that "competent evidence that will be presented at trial will prove that the probative value of the distances will outweigh any prejudicial effect."[23]  Therefore, the Government maintains that satisfaction of the *Goodwin* factors justifies admission of the PowerPoint.

At oral argument, defense counsel elaborated on his concern that even if the Government

---

[19] Rec. Doc. 90 at pp. 2-3.  *See generally* Transcript, Rec. Doc. 93 at pp. 109-120 (Government arguing that once competent evidence is before the jury to support all of the information contained in the PowerPoint and all other *Goodwin* factors are satisfied, the PowerPoint should be admitted into evidence).

[20] Rec. Doc. 90 at p. 2.

[21] *Id.*

[22] *Id.* at p. 3.

[23] *Id.*

presents competent evidence regarding all information contained in the PowerPoint, the Government should not be allowed to summarize all of that information in a chart that is admitted into evidence under Rule 1006 that purports to summarize electronic telephone data. Defense counsel stated:

> The objection I have is, you then include a valid name connection to that cell phone, which is not in a cell phone record, because the cell phone numbers they have are not in the name of my client or his co-defendant. My client's home is not in the cell phone record, because the phones they have plotted were not connected to my client, at least with respect to the cell phone numbers. If they are going to have a witness come in and connect these numbers to an individual, that's a different story. I don't think it is appropriate that then an agent takes that testimony in addition to phone numbers and puts it altogether in a nicely packaged form, which is why I describe it as the government's theory of the case.[24]

Further, defense counsel argued that "having one witness at the end of the trial summarize the trial for the jury" based on a summary chart essentially does the jury's job for it, and it would be "highly prejudicial" to allow the Government to "take out of the jury's hands the decision that they have to make based on pieces of evidence" through the use of a summary chart admitted into evidence.[25]

### III.  Law and Analysis

*A.  Applicable Law*

In *United States v. Taylor*,[26] the United States Court of Appeals for the Fifth Circuit stated that "[t]he admission of organizational charts and summary evidence is governed by Federal Rules of Evidence 611(a) and 1006."[27] The Fifth Circuit went on to explain:

> We previously have stated that allowing the use of charts as "'pedagogical' devices intended to present the government's version of the case" is within the bounds of the

---

[24] Transcript, Rec. Doc. 93 at p. 108.

[25] *Id.* at pp. 112, 119.

[26] 210 F.3d 311 (5th Cir. 2000).

[27] *Id.* at 315.

6

>  trial court's discretion to control the presentation of evidence under Rule 611(a). Such demonstrative aids typically are permissible to assist the jury in evaluating the evidence, provided the jury is forewarned that the charts are not independent evidence. Additionally, such charts are not admitted into evidence and should not go to the jury room absent consent of the parties. In contrast, Rule 1006 applies to summary charts based on evidence previously admitted but which is so voluminous that in-court review by the jury would be inconvenient. Although the plain language of Rule 1006 does not apply to summaries of testimonial evidence, we have permitted such use in conspiracy cases to aid the jury "[in] put[ting] the myriad of complex and intricate pieces of testimonial and documentary evidence comprising the puzzle together."[28]

Here, the Government requests admission of the PowerPoint pursuant to Federal Rule of Evidence 1006, which provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

The crux of admissibility under Rule 1006 is whether "(1) the evidence previously admitted is voluminous, and (2) review by the jury would be inconvenient."[29] Indeed, the Fifth Circuit has stated that "[i]t is irrelevant that the evidence was already before the jury without the use of summary testimony/charts; the issue is whether it can be conveniently examined."[30] Rule 1006 does not require that "'it be literally impossible to examine the underlying records' before a summary chart may be introduced," because "the fact that the underlying documents are already in evidence does not mean that they can be "conveniently examined by the Court."[31]

---

[28] *Id.* (internal citations omitted).

[29] *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001).

[30] *Winn*, 948 F.2d at 158.

[31] *United States v. Stephens*, 779 F.2d 232, 238-39 (5th Cir. 1985).

7

When relying on Rule 1006, "[a] necessary precondition to the admission of summary charts is that they accurately reflect the underlying records or testimony, particularly when they are based, in part, on the government's factual assumptions."[32] In *Taylor*, the Fifth Circuit found that the district court erred in admitting an organizational chart that, by adding and omitting certain lines indicative of connections between members of the conspiracy, reflected that the government's star witness received drugs only from the defendant and that the witness did not supply drugs to anyone else in the conspiracy, which suggested that the defendant had a more central role in the conspiracy. The Fifth Circuit stated that the chart assumed what the government was required to prove, and "stretched the bounds of permissible government assumptions well beyond the breaking point" of what the evidence supported.[33]

Likewise, in *United States v. Hart*,[34] the Fifth Circuit found that the district court had erred in allowing the use of a summary chart to establish the proposition that the full amount of certain debts belonged on a financial report, which the government easily could have used an expert witness to establish, but instead attempted to prove "this crucial missing element" through the admission of a summary chart and the testimony of the chart's preparer that the debts should have been included on the report when properly prepared.[35]

---

[32] *Taylor*, 210 F.3d at 315-16 (citing *Stephens*, 779 F.2d at 238–39 (no abuse of discretion in admitting summary charts where all the records on which the charts were based were in evidence); *United States v. Jennings*, 724 F.2d 436, 442 (5th Cir.1984) (summary charts premised on the government's assumptions permissible as long as supporting evidence has been presented to the jury and the jury is instructed that they determine what weight the evidence should be given) (quoting *United States v. Means*, 695 F.2d 811 (5th Cir. 1983))).

[33] *Id.* at 316.

[34] 295 F.3d 451.

[35] *Id.* at 458-59.

Similarly, in *United States v. Covarrubia*,[36] the Fifth Circuit found that the district court erred in admitting summary charts that were based, at least in part, on evidence not properly before the jury, because there was a "discrepancy between the individual listed as 'owning' certain telephone lines in the official telephone logs (which were introduced into evidence) and the individual listed as "owning" those same lines in the government's charts."[37] There, testimony of the witness who prepared the charts testified that "certain information contained in the charts-namely, which individuals were believed to control which telephone numbers–was not contained in the telephone logs which were introduced into evidence by the government."[38]

Only after these requirements are met, does the district court begin to apply the factors outlined in *Goodwin*.[39] The *Goodwin* factors are noted below.

## C. Analysis

The Government has rested its argument on the assertion that by the time the summary evidence (*i.e.*, PowerPoint) would be admitted into evidence at trial, the Government would have satisfied each of the four *Goodwin* factors: (1) the charts are based on competent evidence before the jury; (2) the primary evidence used to construct the charts is available to the other side for comparison in order that the correctness of the summary may be tested; (3) the person who prepared the charts is available for cross-examination; and (4) the jury is properly instructed concerning their consideration of the charts.[40] In *Goodwin*, the Fifth Circuit upheld the district court's rulings on summary charts, but noted that it

---

[36] 52 F.3d 1068 (5th Cir. 1995), 1995 WL 241813.

[37] *Id.* at *5.

[38] *Id.*

[39] 470 F.2d at 899.

[40] *Id.* at 899.

9

could not determine from the record whether there was one or two summary charts and whether the summary chart admitted into evidence was taken to the jury room.[41] Further, the Fifth Circuit's opinion does not reveal whether the district court admitted the chart under Rule 1006 or whether it was allowed pursuant to Rule 611(a).[42]

However, as the Fifth Circuit noted in *Bishop*, Rule 1006 allows admission of summaries "when (1) the evidence previously admitted is voluminous, and (2) review by the jury would be inconvenient."[43] The Government's use of a chart is purported to summarize electronic telephone records, which would be appropriate here based on the voluminous nature of the records containing the cellular data, and the inconvenience the review of such evidence would pose. Even if a jury could understand the underlying electronic data contained in the cellular telephone records, the jury's "[e]xamination of the individual records would [be] burdensome and time-consuming without the aid of summaries."[44]

Nevertheless, this case is significantly less complex than other cases where the Fifth Circuit upheld the use of summary charts under Rule 1006. In *Stephens*, the Fifth Circuit upheld the use of six summary charts illustrating the five counts of mail fraud and tracing the defendant's use and disposition of the proceeds of a loan totaling nearly 3 million dollars.[45] Similarly, in *Bishop*, the government relied on a summary witness and summary charts to outline the documentary evidence and testimony presented to the jury in a trial that "consumed seventeen days of technical testimony and [the admission

---

[41] *Id.* at 898-99.

[42] *See id.*

[43] *Bishop*, 264 F.3d at 547.

[44] *Duncan*, 919 F.2d at 988.

[45] *Stephens*, 779 F.2d at 238.

10

of] scores of exhibits.[46] This case does not present the degree of complexity involved in *Stephens* and *Bishop*. Indeed, the Government has provided no explanation as to why the information included in the PowerPoint, beyond the information contained in the underlying electronic telephone records, is necessary, as it certainly is not voluminous or inconvenient for review.

In addition, Rule 1006 does not allow the Government to rely on summary charts to assume facts of the alleged offense that the Government is required to prove. The Fifth Circuit has repeatedly cautioned district courts against allowing the government to use a summary chart to assume that which it must prove beyond a reasonable doubt as operative facts of the alleged offense.[47] And so, even if the AT&T and Sprint telephone records were determined to be voluminous and inconvenient for review, "[a] necessary precondition to the admission of summary charts is that they accurately reflect the underlying records or testimony, particularly when they are based, in part, on the government's factual assumptions."[48]

Here, the Government's PowerPoint does more than summarize the telephone records; it includes the defendants' addresses, locations of the banks, distances, elapsed times, captions containing the Government's commentary, assignment of certain phone numbers to the defendants although the AT&T and Sprint records do not reflect that they are the defendants' phones, and where the defendants were allegedly located at certain times. The Court finds that certain information contained in the chart–namely, the defendants' addresses, locations of the banks, distances, assignment of phone numbers and locations, and the Government's commentary–are not contained in the AT&T and Sprint

---

[46] *Bishop*, 264 F.3d at 547.

[47] *Hart*, 295 F.3d at 459.

[48] *Taylor*, 210 F.3d at 315-16.

11

cellular telephone records, which the Government claims the PowerPoint summarizes, and therefore is the basis for this request for admission of the PowerPoint as evidence pursuant to Rule 1006.

This Court is mindful that a summary chart should not be excluded merely because it only presents evidence favoring one party, because, as the Fifth Circuit explained in *Bishop*, a summary chart "may include only evidence favoring one party, so long as the witness does not represent to the jury that he is summarizing all the evidence in the case."[49] The issue here, is not necessarily that the evidence favors only one party, but that the chart does more than summarize the records it purports to summarize.

Here, Saunders argues that the PowerPoint essentially presents the Government's theory of the case. In plotting the information regarding the defendants' addresses, locations of the banks, distances, and captions containing the Government's commentary, the Government has made assumptions for which the Government bears the burden of proving beyond a reasonable doubt at trial.

In *Covarrubia*, the district court admitted summary charts in the form of flow charts, which contained boxes with the conspirator's name and various phone numbers believed to be under the conspirator's control that were joined together by arrows indicating the number of calls flowing between the conspirators.[50] The Fifth Circuit found that admission of the summary charts based on evidence not properly before the jury was an abuse of discretion, because the witness who prepared the charts testified that the information regarding which individuals controlled certain telephone numbers was not contained in the telephone logs introduced into evidence by the government.[51] Similarly here,

---

[49] *Bishop*, 264 F.3d at 548.

[50] 52 F.3d 1668, 1995 WL 2481813, at *5.

[51] *Id.*

12

the phone numbers are not in the defendants' names, and so, the associated addresses and information regarding who is allegedly using the phone and where they may be when using the phones are not contained in the underlying AT&T and Sprint telephone records, and are assumptions that the Government must prove at trial.

Further, the PowerPoint also contains captions, such as "[t]here is an approximate 1 hour gap between this call and the previous call to L. Nero, during which time the fidelity Homestead Bank was robbed at 8:35."[52] These types of captions are included on the same pages containing the location of the defendants' residences and the banks. This provides additional support that this PowerPoint presentation of the electronic data contained in the cellular phone records goes beyond the underlying data and assumes operative facts of the alleged offense that the Government must prove at trial beyond a reasonable doubt.

In sum, Saunders' argument that the PowerPoint essentially summarizes the Government's case has merit, because the PowerPoint goes far beyond summarizing the electronic telephone records. As discussed above, controlling Fifth Circuit authority prohibits the Government from relying on a summary chart to assume what it must prove beyond a reasonable doubt, for example, that a bank was robbed and that the defendants had the opportunity to do so or that defendants made certain phone calls related to the bank robbery. Cognizant of the discretion district courts are afforded under Rule 1006,[53] and the need for trial judges to carefully handle the preparation and use of summary charts because of the "powerful impression which charts can make upon a jury, vesting the charts with an air of credibility independent of the evidence purported to be summarized," the Court finds that the

---

[52] Rec. Doc. 89-1 at p. 20.

[53] *See Stephens*, 779 F.2d at 239 (noting that admission of charts under Rule 1006 is reviewed for abuse of discretion).

PowerPoint contains prejudicial information beyond the scope of the underlying telephone records, and which assumes operative facts that the Government is required to prove as part of the alleged offense, and therefore the PowerPoint should not be admitted into evidence under Rule 1006.

### IV.  Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion in Limine for Permission to Present Summary Evidence Pursuant to Fed. R. Evid. 1006[54] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __13th__ day of June, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[54] Rec. Doc. 70.