UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 12-141 |
| LAMAR NERO | SECTION: G |

## ORDER AND REASONS

Before the Court is Defendant Lamar Nero's ("Nero") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1] The Government opposes the motion.[2] After considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On March 23, 2012, Nero was charged in a 6-count indictment with: conspiracy to commit bank robbery (Count 1); armed bank robbery on June 24, 2011 (Count 2); using and carrying a firearm during and in relation to a crime of violence—the armed bank robbery charged in Count 2 (Count 3); armed bank robbery on November 5, 2011 (Count 4); attempted bank robbery on December 10, 2011 (Count 5); and attempted bank robbery on December 24, 2011 (Count 6).[3] A jury trial in this matter commenced on June 24, 2013.[4] After a six day trial, the jury found Nero guilty of Counts 1, 2, 3, 4,

---

[1] Rec. Doc. 226.

[2] Rec. Doc. 257.

[3] Rec. Doc. 8.

[4] Rec. Doc. 124.

1

and 6, and acquitted him on Count 5.[5]

On July 15, 2013, Nero filed a "Motion for a New Trial,"[6] which the Court denied on November 14, 2013.[7] On January 30, 2014, the Court sentenced Nero to a term of 60 months imprisonment as to Count 1, 120 months imprisonment as to Count 2 to run concurrently, 60 months imprisonment as to Count 3 to run consecutively, 120 months imprisonment at to Count 4 to run concurrently, and 120 months imprisonment as to Count 6 to run concurrently, for a total term of 180 months imprisonment.[8] Nero filed a timely Notice of Appeal.[9] On April 13, 2015, the United States Fifth Circuit Court of Appeals affirmed Nero's conviction and sentence.[10]

Following the direct appeal, Nero filed a timely motion seeking to vacate his conviction and sentence on Count 3 of the Indictment,[11] in light of the Supreme Court's decision in *Johnson v. United States*.[12] On August 21, 2017, the Government filed an opposition to Nero's motion to vacate.[13] On September 12, 2017, Nero filed a reply brief in further support of the motion to vacate.[14] On June 24,

---

[5] Rec. Doc. 134-3.

[6] Rec. Doc. 139.

[7] Rec. Doc. 181.

[8] Rec. Doc. 194 at 2.

[9] Rec. Doc. 197.

[10] Rec. Doc. 220.

[11] Rec. Doc. 226. Under the prison-mailbox rule, the motion is deemed filed on the day it was deposited into a legal mailbox where Nero was incarcerated. *See United States v. Franks*, 397 F. App'x 95, 98 (5th Cir. 2010) (citing *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998)). The motion bears a stamp dated October 5, 2016. Rec. Doc. 226 at 34.

[12] Eastern District of Louisiana Standing Order, May 31, 2016.

[13] Rec. Doc. 257.

[14] Rec. Doc. 259.

2019, the United States Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.[15]

## II. Parties' Arguments

*A.  Nero's Arguments in Support of the Motion to Vacate*

In the instant motion, Nero argues that his conviction on Count 3 of the Indictment is unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*.[16] Nero contends that in *Johnson* the Supreme Court struck down the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague.[17] Nero contends that following *Johnson* several circuits have found that the "residual clause" found in 18 U.S.C. § 924(c)(3)(B) was indistinguishable from the ACCA.[18] Therefore, Nero contends that his conviction on Count 3 must be vacated because the residual clause found in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague and violates his Fifth Amendment due process rights.[19] Moreover, Nero asserts that the predicate offense on which he was found guilty, armed bank robbery, does not categorically qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A) because the jury was not required to find "as an element the use, attempted use, or threatened use of physical force against the person or property of another."[20] Therefore, Nero argues that he is entitled to post-conviction relief

---

[15] *United States v. Davis*, — U.S. —, 139 S.Ct. 2319 (2019).

[16] Rec. Doc. 226 at 14 (citing 135 S.Ct. 2551 (2015)).

[17] *Id.* at 17.

[18] *Id*. at 17–18.

[19] *Id*. at 21.

[20] *Id*. at 21–29.

because his argument is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."[21]

B. *The Government's Arguments in Opposition to the Motion to Vacate*

The Government opposes Nero's motion.[22] The Government notes that "[a] variety of provisions in federal criminal law focus on the terms 'serious drug offense' and 'crime of violence' or 'violent felony.'"[23] The Government also notes that the Supreme Court created the "categorical approach" to address challenges to these generic terms.[24] Furthermore, the Government notes that the Supreme Court has clarified the categorical approach numerous times, but has not applied these decisions retroactively to cases on collateral review.[25] Conversely, the Government contends that *Johnson*, a case that did not involve the categorical approach but instead involved statutory interpretation of the ACCA, is retroactive to cases on collateral review.[26] The Government asserts that the Supreme Court and the Fifth Circuit have limited the holding in *Johnson* to the ACCA's residual clause.[27]

---

[21] *Id*.

[22] Rec. Doc. 257.

[23] *Id*. at 2 (citing 18 U.S.C. § 924(e); U.S.S.G. §§ 4B1.1 and 4B1.2; 18 U.S.C. § 924(c); U.S.S.G. § 2L1.2; 18 U.S.C. § 16).

[24] *Id*. at 3 (citing *Taylor v. United States*, 495 U.S. 575 (1990)).

[25] *Id*. (citing *Beckles v. United States*, 137 S. Ct. 886 (2017); *Mathis v. United States*, 136 S. Ct. 2243 (2016); *Voisine v. United States*, 136 S. Ct. 2272 (2016); *United States v. Castleman*, 134 S. Ct. 1405 (2014); *Descamps v. United States*, 133 S. Ct. 2276 (2013); *United States v. Johnson*, 559 U.S. 133 (2010); *Chambers v. United States*, 555 U.S. 122 (2009); *Begay v. United States*, 553 U.S. 137 (2008); *Shepard v. United States*, 544 U.S. 13 (2005)).

[26] *Id*. at 3 (citing *In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016)).

[27] *Id*. at 4 (citing *Beckles*, 137 S. Ct. at 897; *United States v. Garcia*, 857 F.3d 708, 711 (5th Cir. 2017); *United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (en banc)).

According to the Government, both of Nero's claims—that the residual clause in Section 924(c) is unconstitutionally vague after *Johnson* and that armed bank robbery is not categorically a "crime of violence" and cannot support a conviction under Section 924(c) after *Mathis*—have been considered and rejected by the Fifth Circuit.[28] In support, the Government cites *United States v. Garcia*, where the Fifth Circuit found that the Supreme Court's holding in *Johnson* did not extend to the residual clause in Section 924(c).[29] Additionally, the Government notes that the Fifth Circuit has determined that armed bank robbery is categorically a crime of violence.[30] Accordingly, the Government asserts that Nero's claims are meritless.[31]

Finally, and in the alternative, the Government argues that Nero's claims are procedurally barred because they were not raised on direct appeal and Nero cannot establish cause for the procedural default or actual prejudice resulting from any error.[32]

## C. *Nero's Arguments in Further Support of the Motion*

In the reply brief, Nero acknowledges that the Fifth Circuit refused to extend the Supreme Court's holding in *Johnson* to the residual clause found at 18 U.S.C. § 924(c)(3)(B).[33] He further concedes that the Fifth Circuit's decision in *United States v. Garcia* may foreclose his claims, but he

---

[28] *Id*. at 5.

[29] *Id*. at 5–6 (citing *Garcia*, 857 F.3d at 711).

[30] *Id*. at 6 (citing *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017); *United States v. Stephens*, 2017 WL 1826099, at *1 (5th Cir. May 3, 2017)).

[31] *Id*.

[32] *Id*. at 6–7.

[33] Rec. Doc. 259 at 3 (citing *Garcia*, 857 F.3d at 711).

5

asserts that *Garcia* was decided in error.[34] Nero also contends that the cases holding that armed bank robbery categorically qualifies as a crime of violence were incorrectly decided.[35] Nero asserts that bank robbery is not a crime of violence because it can be committed without the intentional use, attempted use, or threatened use of violent physical force.[36]

Next, Nero argues that his procedural default is excused by cause and prejudice.[37] Nero asserts that there is cause of the procedural default because this claim is novel, and the legal basis was not reasonably available to counsel at the time of direct appeal.[38] Additionally, Nero contends that he can show prejudice because he has established that his Section 924(c) conviction is unconstitutional.[39] Finally, if the Court denies this motion, Nero requests that the Court issue a certificate of appealability because he has raised a claim upon which reasonable jurists could debate.[40]

### III. Standard of Review

A federal prisoner may move to vacate, set aside, or correct his sentence based on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to

---

[34] *Id.* at 3.

[35] *Id.*

[36] *Id.* at 7–11.

[37] *Id.* at 11.

[38] *Id.*

[39] *Id.* at 12.

[40] *Id.* at 13.

collateral attack."[41] "The scope of relief under § 2255 is consistent with that of the writ of habeas corpus."[42] Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."[43]

An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,"[44] or the prisoner fails to show any "independent indicia of the likely merit of [his] allegations."[45] The prisoner must establish his claims by a preponderance of the evidence.[46] If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[47]

## IV. Law and Analysis

In the instant motion, Nero contends that his conviction on Count 3 of the Indictment is unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*.[48] Count 3 charged Nero with using and carrying a firearm during and in relation to a crime of violence in

---

[41] 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[42] *Id*.

[43] *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

[44] 28 U.S.C. § 2255(b).

[45] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006); *see also United States v. Smith*, 915 F.2d 959, 964 (5th Cir.1990) ("If the record is clearly adequate to dispose of the allegations, the court need inquire no further.").

[46] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

[47] 28 U.S.C. § 2255(b).

[48] Rec. Doc. 226 at 14 (citing 135 S.Ct. 2551 (2015)).

violation of 18 U.S.C. § 924(c).[49] The Indictment charged that the underlying crime of violence was the armed bank robbery charged in Count 2.[50]

18 U.S.C. § 924(c) subjects to criminal liability "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." "Section 924(c) offenses do not stand alone—they require a predicate [crime of violence]."[51] The statute contains two clauses defining crimes of violence: (1) the "elements clause," which defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"[52] and (2) the "residual clause," which defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[53]

On June 24, 2019, in *United States v. Davis*, the United States Supreme Court held that the residual clause—Section 924(c)(3)(B)—is unconstitutionally vague.[54] Following the Supreme Court's decision in *Davis*, the Fifth Circuit has recognized that the Supreme Court decision announced a new rule of constitutional law that retroactively applies to cases on collateral review.[55] Accordingly, Nero is not procedurally barred from raising this claim on collateral review. Because

---

[49] Rec. Doc. 8.

[50] *Id.*

[51] *United States v. Reece*, 938 F.3d 630, 632 (5th Cir. 2019), as revised (Sept. 30, 2019).

[52] 18 U.S.C. § 924(c)(3)(A).

[53] 18 U.S.C. § 924(c)(3)(B).

[54] *Davis*, 139 S.Ct. at 2319.

[55] *Reece*, 938 F.3d at 633–35.

*Davis* rendered 18 U.S.C. § 924(c)(3)'s residual clause unconstitutional, Nero's firearms convictions predicated on bank robbery can be sustained only if bank robbery can be defined as a crime of violence under Section 924(c)(3)'s elements clause.[56]

Nero contends his bank robbery conviction does not qualify as a crime of violence under the elements clause because bank robbery does not require "the use, threatened use, [or] attempted use of physical force."[57] However, this argument is foreclosed by Fifth Circuit precedent. When determining whether an offense is a crime of violence under Section 924(c)(3)'s elements clause, the Court must "look[ ] only to the statutory definitions—the elements—of a defendant's offense, and not to the particular facts underlying the convictions."[58] Following the Supreme Court's decision in *Davis*, the Fifth Circuit held that federal bank robbery constitutes a crime of violence under the elements clause "because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force."[59] Accordingly, Nero's claim regarding the constitutionality of his conviction on Count 3 of the Indictment is unavailing in light of recent Supreme Court and Fifth Circuit precedent.

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." For the reasons stated above, the Court finds that the motion, files, and record of the case conclusively show that Nero is not entitled to relief. Accordingly, the Court finds that an

---

[56] *Id.* at 635.

[57] Rec. Doc. 259 at 7–11.

[58] *Reece*, 938 F.3d at 635 (quoting *United States v. Buck*, 847 F.3d 267, 274 (5th Cir.), *cert. denied*, — U.S. —, 138 S. Ct. 149 (2017)).

[59] *Id.* at 636 (quoting *United States v. Buck*, 847 F.3d 267, 274 (5th Cir.), *cert. denied*, — U.S. —, 138 S. Ct. 149 (2017)).

evidentiary hearing is not warranted here.

### V. Conclusion

Based on the foregoing, the Court finds that the motion, files, and record of the case conclusively show that Nero is not entitled to relief on his motion to vacate. Accordingly,

**IT IS HEREBY ORDERED** that Nero's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody"[60] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 29th day of March, 2020.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[60] Rec. Doc. 226.